18-2152-cv
*Carpenter v. Shulman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand nineteen.

PRESENT:   JON O. NEWMAN,
           DENNY CHIN,
           JOSEPH F. BIANCO,
                     *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DANIEL CARPENTER and
GRIST MILL CAPITAL, LLC,
                     *Plaintiffs-Appellants,*

                     v.                                    18-2152-cv

DOUGLAS SHULMAN, COMMISSIONER, INTERNAL
REVENUE SERVICE, STEVEN MILLER, COMMISSIONER,
INTERNAL REVENUE SERVICE, SHAUN SCHRADER,
CRIMINAL INVESTIGATION DIVISION, INTERNAL
REVENUE SERVICE, VICTOR SONG, CHIEF
INVESTIGATIONS DIVISION, INTERNAL REVENUE
SERVICE, JOHN KOSKINEN, COMMISSIONER, INTERNAL
REVENUE SERVICE, UNKNOWN IRS AGENTS, 72,
CRIMINAL INVESTIGATION DIVISION, KATHY
ENSTROM,

*Defendants-Appellees,*

LANNY BREUER, JANE DOE, 1 TO 72, JOHN DOE, 1 TO 72,
                         *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR DEFENDANTS-APPELLEES: | GRETCHEN M. WOLFINGER, Attorney (Deborah K. Snyder, Attorney, *on the brief*), *for* Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Tax Division, Department of Justice, Washington, D.C. |
| FOR PLAINTIFF-APPELLANT DANIEL CARPENTER: | JEFFERY P. NICHOLS (David Slossberg, *on the brief*), Hurwitz, Sagarin, Slossberg & Knuff, LLC, Milford, Connecticut. |
| FOR PLAINTIFF-APPELLANT Grist Mill Capital, LLC: | JONATHAN EINHORN, New Haven, Connecticut. |

Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Daniel Carpenter and Grist Mill Capital, LLC ("Grist Mill" and, together, "Plaintiffs") appeal a partial judgment entered by the district court on July 23, 2018, dismissing their claims against defendants-appellants Supervisory Special Agent Kathy Enstrom and Special Agent Shaun Schrader of the Internal Revenue Service (the "IRS"). Plaintiffs sued Schrader, Enstrom, and numerous other named and unnamed IRS agents and officials pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging the violation of their

rights in the execution of a search warrant by the IRS Criminal Investigation Division on April 20, 2010, at offices located at 100 Grist Mill Road, Simsbury, Connecticut.

In a ruling from the bench issued November 14, 2017, the district court granted Enstrom's motion to dismiss the claims against her on statute of limitations grounds. In a written decision entered April 20, 2018, the district court granted Schrader's motion for summary judgment dismissing the claims against him for lack of personal involvement and based on qualified immunity. In an order entered June 22, 2018, the district court granted Plaintiffs' motion, pursuant to Fed. R. Civ. P. 54(b) for entry of partial judgment, dismissing all claims against Enstrom and Schrader. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the granting of a Rule 12(b)(6) motion to dismiss *de novo. See O'Donnell v. AXA Equitable Life Ins. Co.*, 887 F.3d 124, 128 (2d Cir. 2018). We review the granting of a motion for summary judgment *de novo. See Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016). For substantially the reasons set forth by the district court in its decisions, we agree that the claims against Enstrom were time-barred and that Schrader was entitled to summary judgment. We add only the following.

1. *Enstrom*

Plaintiffs commenced this action on April 19, 2013, against Schrader and "72 Unknown IRS agents," alleging the use of excessive force in the execution of the

search.  The complaint did not allege a theory of supervisory liability against any of the John Does,[1] nor was Enstrom named in the complaint at all.  On June 2, 2017, Plaintiffs filed a Third Amended Complaint, naming Enstrom as a defendant for the first time, claiming that she violated their rights in her supervision of the search.

As the search took place on April 20, 2010, the parties agree that the Third Amended Complaint was filed after the statute of limitations had run on the claims against Enstrom,[2] and that therefore Plaintiffs had to demonstrate that the claims against Enstrom related back to the original complaint under Fed. R. Civ. P. 15(c).

Under Rule 15(c)(1)(C), an amendment to a pleading relates back to the date of the original pleading when

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied, and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

---

[1]    The only supervisory claims were failure-to-train claims against high-level agency officials.

[2]    For *Bivens* claims, federal courts generally borrow the statute of limitations that applies to actions for personal injury in the state in which the incident occurred.  *See Chin v. Bowen*, 833 F.2d 21, 23 (2d Cir. 1987).  Here, the incident occurred in Connecticut, where the statute of limitations for personal injury claims is three years.  *See* Conn. Gen. Stat. § 52-577.

Fed. R. Civ. P. 15(c)(1)(C).

As the district court held, the claims did not relate back to the original complaint under Rule 15(c)(1)(C) because: (1) there was no mistake regarding Enstrom's identity; (2) Plaintiffs did not establish that Enstrom received sufficient notice within 120 days of the filing of the original complaint such that she would not be prejudiced in defending on the merits, *see Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468-69 (2d Cir. 1995); and (3) Enstrom did not have constructive notice of the action, as there was no indication in the original complaint that any of the John Does was being sued in his (or her) supervisory capacity -- the only capacity in which Enstrom was sued. Moreover, the record is clear that Plaintiffs were aware of Enstrom's name, title, and role on the day of the search and that they could have easily named her within the 120-day period. Thus, the claims again Enstrom were correctly dismissed as time-barred.

## 2. *Schrader*

Plaintiffs contend that excessive force was used in the execution of the search warrant as "57 armed agents raided a publicly-open office building on a Tuesday morning," "descending in force . . . and terrifying the office workers there," and spending "the next 13 hours filling 322 boxes with paper documents and taking complete electronic mirror images of 11 servers/computers, a thumb drive and an external hard drive." Pls.-Appellants' Br. at 2. We agree with the district court that even if Schrader had engaged in the conduct alleged by Plaintiffs, the claims against

him are barred by the doctrine of qualified immunity because the alleged conduct did not violate clearly established constitutional rights.

The doctrine of qualified immunity provides that federal and state officials cannot be liable for money damages unless a plaintiff establishes that (1) "the official violated a statutory or constitutional right, and (2) the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Plaintiffs have not identified any authority clearly establishing that the degree of force used here was excessive. *See Estate of Redd ex rel. Redd v. Love*, 848 F.3d 899, 910 (10th Cir. 2017) ("Nor has the Estate offered any cases holding that law enforcement officers acted with excessive force by virtue of the number of officers deployed to execute a search warrant and arrest warrant.").

Here, the offices were approximately 42,000 square feet in size and 30 to 40 employees were on the premises. Ten entities were identified in the search warrant. The search took 13 hours to complete, even with 57 agents. Fewer officers, of course, would have meant a longer disruption of the business. IRS policy required all officers participating in the search to carry holstered semi-automatic firearms and handcuffs. In these circumstances, we are not persuaded that it was clearly established that the "force" used here was unreasonable. *Cf. Mountain Pure, LLC v. Roberts*, 814 F.3d 928, 933 (8th Cir. 2016) (use of 35 agents, armed with handguns and wearing ballistic vests, to search

bottling plant and office totaling 100,000 square feet, was not unreasonable); *Ruttenberg v. Jones*, 283 F. App'x 121, 135-36 (4th Cir. 2008) (per curiam) (allegations of more than 50 officers, including many heavily armed SWAT-team members in full tactical gear, were used to search billiards hall/bar were sufficient to survive motion to dismiss); *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (reasonable for 40 officers to participate in search of two adjoining nightclubs, when officers expected to encounter 500 to 700 customers).

* * *

We have considered Plaintiffs' remaining arguments and conclude they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk